FILED

JAN 26 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JULIUS NDI CHO, | No. 13-73288 |
| Petitioner, | Agency No. A096-411-651 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 20, 2016[**]

Before:     CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Julius Ndi Cho, a native and citizen of Cameroon, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his applications for adjustment of

status, withholding of removal, and protection under the Convention Against

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-1040 (9th Cir. 2010). We dismiss in part and deny in part the petition for review.

Cho challenges the agency's denial of his application for adjustment of status on the basis that he failed to establish the bona fides of his marriage, but does not challenge the agency's alternative denial of his application as a matter of discretion. We lack jurisdiction to review the agency's discretionary denial of Cho's application for adjustment of status. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Hosseini v. Gonzales*, 464 F.3d 1018, 1021 (9th Cir. 2006).

Substantial evidence supports the agency's adverse credibility determination based on discrepancies in the record about whether Cho was in Cameroon at the time of his father's death. *See Shrestha*, 590 F.3d at 1047 ("Although inconsistencies no longer need to go to the heart of the petitioner's claim, when an inconsistency is at the heart of the claim it doubtless is of great weight."). In the absence of credible testimony, Cho's withholding of removal claim fails. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, Cho's CAT claim fails because it is based on the same testimony the agency found not credible, and he does not point to any other evidence in the record that compels the conclusion that it is more likely than not he would be tortured if returned to Cameroon. *See id*. at 1156-57. We reject Cho's contention that the BIA did not independently examine the record in evaluating his CAT claim, and we lack jurisdiction to consider Cho's claim that the IJ's analysis of his CAT claim was incomplete. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (no jurisdiction over claims not presented below).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**